## MATLOCK v. BLEDSOE.

Opinion delivered November 4, 1905.

1. FRAUDULENT CONVEYANCE—EFFECT.—At common law, voluntary conveyances made in fraud of the rights of creditors are valid and binding between the parties thereto, their heirs, executors and administrators. (Page 63.)

2. SAME.—Kirby's Digest, § 81, providing that an executor or administrator may apply to have conveyances of lands, tenements and hereditaments executed by the testator or intestate in fraud of creditors canceled and set aside, does not change the common law as to transfers of personal property. (Page 63.)

3. LIFE INSURANCE POLICY—ASSIGNMENT.—While the law does not allow one having no interest in the life of another to speculate upon that life by taking out a policy of insurance upon it, one who takes out a policy on his own life, payable to his administrator or assigns, may transfer the policy to whomsoever he pleases. (Page 63.)

Appeal from Crawford Chancery Court; J. VIRGIL BOURLAND, Chancellor; affirmed.

*H. L. Fitzhugh* and *Sam R. Chew,* for appellant.

Parol evidence was not admissible to vary, explain or contradict the terms of the policy and of the indorsement thereon. 49 Ark. 285; 54 Ark. 525; 55 Ark. 347; 62 Ark. 43. The words, "Pay the within policy to M. E. Bledsoe," were only an order, and not an assignment of the policy. 76 Mass. 501; 119 Mass. 240. A voluntary assignment by an insolvent debtor is fraudulent and void as to creditors; and life insurance policies stand upon the same footing as other personal property, in respect to the necessity for and sufficiency of consideration to support a transfer or assignment. 19 Am. & Eng. Enc. Law (2 Ed.), 89; May, Ins. (2 vol.), § 459-E; 84 Mich. 625; 128 U. S. 193; 51 Ill. App. 17; 78 Ill. 147; 39 Miss. 655; 27 So. Rep. 475; 10 So. Rep. 649; 50 Penn. St. 75; 67 N. H. 118; 76 Mo. App. 590. A mother-in-law has no insurable interest in her son-in-law. 36 S. W. Rep. 568; 4 S. W. Rep. 633; 1 May, Ins. § 103-A, and cases cited.

*L. H. Southmayd* and *Read & McDonough,* for appellee.

The creditors alone could attack the assignment on the ground of fraud. 4 Ark. 173; 19 Ark. 650; 13 Ark. 595; 52 Ark. 171; *Ib.* 389. Their petition to be made parties was dis-

missed, they have not appealed, and the administrator cannot here raise the question for them.   25 Ark. 129.

The issue that the assignment was void because appellee had no insurable interest in the life of Henry, and that it was not made in conformity with the terms of the policy, could only be raised by the insurance company.   37 Tenn. 269; Bacon on Benefit and Life Insurance (2 Ed.), 289-99; 54 N. J. Eq. 414; May on Ins. § 391-B. Any person has a right to procure insurance on his own life and assign it to another, if it be not done by way of cover for a wager policy.   132 Fed. Rep. 444.   Such policy is his own property, and he may by will or other proper mode designate the person to whom, at his death, the proceeds shall be paid.   31 Fed. 177; 125 Fed. 536, and cases cited.

A life insurance policy may be assigned by delivery without writing.   70 Ark. 221; 68 N. Y. 625; 77 Mo. 38.   And where the consideration is not set forth in the written evidence of it, parol testimony is admissible to show what it was.   53 Ark. 4; 55 Ark 112; 27 Ark. 328; 7 L. R. A. 217.   The policy at the time of assignment was exempt to him, and could not have passed to his creditors under a general assignment.   51 S. W. 5.   Creditors can recover only on the theory that the insured diverted into life insurance funds which were subject to their debts.   41 L. R. A. 276; 26 S. E. 384; 128 U. S. 195; 9 L. R. A. 660, and note. The mere fact of insolvency at the time of assignment does not warrant an inference that it was a fraud upon creditors.   99 Pa. St. 133; 16 Ind. 678; 53 L. R. A. 438; 125 Ind. 575; 155 Mo. 182.

The assignment imposed a trust upon appellee for the benefit of the children, which may be done by parol.   Bispham's Pr. Eq. 96-99; 28 Am. & Eng. Enc. Law (2 Ed.), 870; 110 U. S. 119. Equity will not suffer the mere appearance and external form to conceal the true purpose, object and consequence of a transaction.   44 Ark. 252.

RIDDICK, J.   In 1902 Walter Henry took out a policy of insurance on his life for the sum of $3,000.   The policy was made payable on the death of Henry to his executors, administrators or assigns.   At the time this policy was taken out Henry was a widower with three minor children, the eldest being about thirteen years of age.   Mrs. M. E. Bledsoe, the mother of his deceased wife, lived with him, and assisted in caring for his

children. He died in 1903. A day or two before his death he wrote on the policy the words, "Pay the within policy to M. E. Bledsoe," signed his name to it, and then delivered the policy to Mrs. Bledsoe. His intention was no doubt to assign the policy to her that the proceeds thereof might be used in the support of herself and his three children, which he placed in her care.

At the time of his death, and when this assignment of the policy was made, Henry was insolvent. Afterwards the administrator of his estate brought this action to set aside this transfer of the policy by Henry to Mrs. Bledsoe, and to recover the amount of the policy from the insurance company. He asked that the assignment be set aside on two grounds; first, on the ground that it was procured through fraud and undue influence of Mrs. Bledsoe upon Henry at a time when, by reason of mental and physical weakness, he was incapable of understanding the nature or effect of the act done; second, he asked that it be set aside on the ground that the assignment was a conveyance of the property of Henry without consideration, and therefore fraudulent and void as to the creditors of Henry.

Mrs Bledsoe appeared, and filed an answer, in which she denied the fraud, and alleged that the assignment of the policy was made to her in trust for the use and benefit of the children of Henry, and for the purpose of educating and maintaining them.

Thereafter the Shibley & Wood Grocery Co., a creditor of Henry, filed a petition in its own behalf, and in behalf of all the other creditors of Henry, asking to be allowed to interplead in the action on the ground that the estate of Henry was insolvent, and that the assignment of the policy was fraudulent and void as to creditors; but the court refused to permit the company to become a party, and denied its petition. No appeal was taken from this judgment.

The insurance company paid the amount of the policy into court, and asked to be discharged from further liability.

On the final hearing the chancellor held that Henry had the right to insure his life and assign the policy to his mother-in-law, Mrs. Bledsoe, for the use of herself and his children, and he dismissed the complaint for want of equity. The plaintiff appealed.

The first question presented for our decision is whether the administrator can challenge the validity of the assignment of this policy on the ground that it is fraudulent as to creditors. There is no evidence tending to show that Mrs. Bledsoe or any one else perpetrated any fraud upon Henry, or induced him by undue influence to make this assignment. If the assignment had been procured through fraud perpetrated upon Henry by Mrs. Bledsoe, neither Henry nor his administrator would have been bound by it. But the evidence shows that Henry, when he recognized that the end of life was near, made this transfer of his policy of his own volition, and for the purpose of enabling his mother-in-law to maintain and care for his minor children that he left in her care; and that it was done without solicitation on the part of Mrs. Bledsoe. If there was any fraud, it was the fraud of Henry against his creditors.

If we concede, then, that this assignment was fraudulent as to creditors, for the reason that it was made without consideration at a time when Henry was insolvent, that would amount to nothing in this proceeding unless the administrator can attack the transfer on that ground; for, while one of the creditors filed a petition to be made a party, this petition was rejected, no appeal was taken, and the only party asking relief before us is the administrator of Henry. But it is well-settled law in this State that voluntary conveyances made in fraud of the rights of creditors are valid and binding between the parties thereto, their heirs, executors, and administrators. *Anderson* v. *Dunn,* 19 Ark. 650; *Jordan* v. *Fenno,* 13 Ark. 595.

A recent statute has changed the law on this subject as to conveyances of real estate made without consideration in fraud of creditors, and provides that the administrator or executor may recover land so conveyed by the decedent for the benefit of the heirs. Kirby's Digest, § 81. But that statute does not refer to transfers of personal property, and the law as to the fraudulent conveyances of such property remains as it was before the statute. We are therefore of the opinion that the administrator of Henry cannot object to the assignment of this policy on the ground that Henry was insolvent, and that it was fraudulent as to his creditors.

But it is said that Mrs. Bledsoe had no insurable interest in the life of Henry, and that the assignment was void for that

reason.   The law does not allow one having no interest in the
life of another to speculate upon that life by taking out a policy
of insurance upon it; and if Mrs. Bledsoe had taken out this
policy on the life of Henry in her own name, there might be
some question as to whether she had such an interest in his life
as would support the policy.   But every person has an insur-
able interest in his own life; and, as Henry had the right to take
out a policy on his own life, payable to his administrator or
assigns, it is not disputed that this policy was valid.   The
policy being valid and belonging to Henry, he had, on the ap-
proach of death, the same right to give and transfer this prop-
erty to any one in whose welfare he felt an interest as he had to
dispose of any other property that he owned.   *Gordon* v. *Ware
National Bank,* 132 Fed. Rep. 444; *Lamont* v. *Grand Lodge,*
31 Fed. Rep. 177; *New York Mutual Life Ins. Co.* v. *Armstrong,*
117 U. S. 591; *Mutual Life Ins. Co.* v. *Allen,* 138 Mass. 24.

There is no pretense that this assignment was made as a
cover for a wager policy.   Moreover, the assignment was made
to the mother-in-law of Henry with the intention that she should
become on his death the custodian of his minor children, and
under such circumstances she had an insurable interest in his life.

As before stated, the question of whether this transfer was
void as to creditors cannot be considered in this proceeding, the
creditors not being parties here; and, leaving that out, we enter-
tain no doubt that the assignment of the policy to Mrs. Bledsoe
was valid both in form and legal effect.

On the whole case, we are of the opinion that the judgment
should be affirmed, and it is so ordered.