### MUTUAL AID UNION *v.* WADLEY.

### Opinion delivered October 16, 1916.

LIFE INSURANCE—PAYMENT OF ASSESSMENTS—NOTICE—QUESTION FOR JURY.—It is a question for the jury, whether notice was sent out to deceased that an assessment against her was due, and whether she received the same, where, by the contract of insurance, deceased's policy was to become void for failure to pay an assessment after proper notice.

Appeal from Greene Circuit Court, First Division; *W. J. Driver*, Judge; reversed.

#### STATEMENT BY THE COURT.

Appellee was the beneficiary in a certificate of membership held by his wife, Fannie Wadley, in the appellant. The appellant was a corporation engaged in the insurance of its members. Upon the death of his wife appellee instituted suit against appellant for the sum of $225.00, alleged to be due on the certificate or policy issued by the appellant to the wife of the appellee.

Appellee alleged the issuance of the certificate, the death of his wife, and compliance with the terms of the certificate and the by-laws of the company, on the part of his deceased wife, and refusal of the company to pay, and prayed for judgment.

Appellant admitted the execution of the certificate, and that appellee was the beneficiary named therein, but denied appellee's right to recover, on the ground that his wife had failed to pay the assessment levied against her as provided in the contract of insurance,

thereby permitting her certificate of membership to lapse and become void.

In the application made by the wife of the appellee to the company, among others are the following provisions:

"The assessment shall begin at 50 cents and graduate one cent per month for the first eighty months of the life of the certificate when it reaches $1.30, which is named as the maximum assessment which can be made on any one death loss. Should the applicant fail to pay an assessment the certificate will lapse and become void."

"It is understood that the Secretary of the Mutual Aid Union is to notify said applicant by ordinary mail, to the address herein stated, of any death occurring, which will make applicant liable for assessment, and of the proper amount of the assessment due thereon, and prompt payment of same must be made within 15 days to the home office."

"It is hereby provided and mutually agreed that this application shall be considered as part of the contract for membership and should this application be accepted and the certificate issued thereon, I hereby accept the by-laws and regulations with all amendments governing the Mutual Aid Union."

Appellee testified, among other things, as follows: "I certainly did pay every assessment that I ever had any notice of. I did not mean for my wife to go suspended," that no notice ever came to his house of the assessment of February, 1914, the non-payment of which appellant alleged caused the lapse of the policy; that he did not get such notice.

The testimony on behalf of the appellant was substantially as follows: The company kept a card record that was a part of its system. A specially prepared case, holding 1000 cards, was used. The cards were numbered from 1 to 1000, consecutively. The case was arranged so that each card was put in its place according to number, from 1 to 1000. When notice is mailed the cards are marked up, showing the

amount of the assessment. After the cards are marked, the employee in charge takes the assessment notices and from each card the notice is mailed out. The usual custom was to first address the envelope, then fill out the notice to place in the envelope, then pass it and turn to the next card. The notices asked for remittance within 15 days. At the expiration of 15 days all payments that have been made are noted on the cards. The payments are also marked on a tally sheet which has 1000 numbers on it. The date and the number of the certificate and the amount are put on that tally sheet, thus making a double check. At the end of 15 days the employees go through these cards and take out all that have not paid. All that are not credited are turned over to another set of clerks who issue a second notice, and the second notices are handled in the same way as the first, and these second notices state the exact date on which the membership certificate will become lapsed and void. At the expiration of the second notice the clerks go through these cards again, and all that have not paid are taken out and placed in the record of lapses, and their places are filled with other members. If the members fail to remit after this second notice has been given then they are no longer members of the Mutual Aid Union; they are dropped from the roll.

The notices of assessment are sent out by the office force. The secretary's name is signed to them. The president orders the assessment made, and turns them in to the department handling the notices to send out the assessments. The president ordered the department to notify Fannie Wadley that a certain amount was due in the usual way. The president did not write the notices, but it was a part of his duty to have the assessments made and to have the living members notified of such assessments. The president did not handle the notices in person, but had supervision of that department of the company's work, and the notices of assessment were sent out under his authority and instructions.

After testifying to the above method of keeping the record of the standing of the members, the president of the company further testified that he made an investigation of all records and the records showed that the notices were mailed out to Mrs. Wadley and that the assessment was not paid. Some notices that are mailed out are returned unclaimed. When a notice is sent out it is put in an envelope with a return of the company on it. When the unclaimed notices come back to the office they are always preserved in the returned envelopes. In the case of Mrs. Wadley there were no returned envelopes.

Witness stated that an assessment was made against Mrs. Wadley's certificate, No. 22, on which this suit was instituted, in February, 1914. Witness introduced in evidence, which was made an exhibit to his testimony, a duplicate record made up from the first and second notices that were given her, which showed that on February 19, 1914, assessment No. 2 in Circle 22 was levied, and that this assessment was not paid by Mrs. Wadley, and that under the rules of the company that caused her policy to lapse. It was so marked on the card. This card was intended, as explained by the president, to be a record of what was done when the member was notified as the contract required in the matter of the payment or non-payment of the assessments levied.

Among others, the appellant asked the court to grant the following prayers for instructions:

"1. I charge you that the burden is on the plaintiff, John M. Wadley, to show by a preponderance of the evidence, that the insured, Fannie S. Wadley, performed all of the conditions required of her in her contract with the defendant, Mutual Aid Union.

"2. If the insured, Fannie S. Wadley, failed or refused to pay the assessments made against her, as provided for in her contract with the defendant, then the plaintiff, John M. Wadley, is not entitled to recover in this action, and your verdict should be for the defendant.

"3. I charge you that the defendant, Mutual Aid Union, was only bound to give the insured, Fannie S. Wadley, notice of the assessment made against her in the manner and for the length of time provided for in the contract made between the said Fannie S. Wadley and the Mutual Aid Union.

"4. If you find that the defendant, Mutual Aid Union, gave the insured, Fannie S. Wadley, notice of the assessment made against her in the manner and for the length of time provided for in the contract, and the said Fannie S. Wadley failed to pay said assessment within the time specified in the contract, then the defendant had the right to cancel her membership certificate, and the plaintiff would not be entitled to recover in this action."

The court refused these prayers. There was a verdict in favor of the appellee in the sum of $225.00 and judgment was entered in his favor for that sum, from which this appeal was taken.

The appellant *pro se.*

1. The testimony showed that the deceased member failed to pay the assessment made and hence the policy lapsed. But appellee contends that no notice was received. This presented an issue of fact for a jury and it was error to refuse instructions 1 and 2 asked by defendant. 80 Ark. 190; 98 *Id.* 388; 103 *Id.* 425.

2. The agreement was that notices were to be mailed to John M. Wadley, by ordinary mail. The testimony tended to show this was done, that a careful and systematic record was kept of the mailing of notices; that both the first and second notice had been duly mailed in return envelopes and that same were never returned. This raised a *prima facie* presumption that the notices were duly received. 98 Ark. 392; 60 *Id.* 539; 72 *Id.* 305; 73 *Id.* 194; 93 *Id.* 252. This, of course, could be rebutted by competent testimony, but the only testimony offered was the appellee's own statements. The presumption was not overcome.

73 Ark. 194; 74 *Id.* 16; 94 *Id.* 388.   This should have been submitted to a jury.   Cases *supra.*

The appellee *pro se.*

The burden was on appellant to show forfeiture; failure to pay assessments after due notice and the levying of an assessment.   Appellant failed to show any ground of forfeiture or lapse and hence there was no question for a jury, but a question for the court. Under the evidence of appellee no notice was ever received.   The appellant's evidence only showed its system and custom of mailing notices—no personal knowledge of any officer or employee.   No one testified that the notice had ever been mailed.   The card established nothing as to notice and it was on this theory the court acted.   The judgment should be affirmed.

WOOD, J. (after stating the facts.)   The court erred in refusing to grant appellant's prayers for instructions numbered respectively 1, 2, 3 and 4, as above set forth.   These instructions were intended to submit the issue as to whether or not Mrs. Wadley had complied with the provisions of the contract of insurance requiring her to make prompt payment of the assessments in order to keep her policy.   There was testimony to warrant the submission of such issue to the jury.   It was a question for the jury, under the evidence, as to whether or not appellant complied with the provisions of the contract in giving notice to the insured of the assessment against her by ordinary mail, as provided in the contract.

The court, by refusing to grant appellant's prayers for instructions on this issue, refused to submit the same to the jury.

While there was no proof by the secretary, the president of the company, or any of the office force in this department of the company's business, that they in person mailed a letter to the insured notifying her of the assessment levied against her, yet there was testimony showing appellant's system of doing business

and the record that was made by it with reference to the mailing out of these notices, and showing the standing of the members in regard to the payment or non-payment of assessments when such notices were mailed as the contracts provided.

The testimony in regard to appellant's system of business and the record that it kept was competent as tending to show that appellant had complied with its contract, and that the insured had not paid the assessment of February, 1914, as the contract required. This was an issue for the jury which the court erred in taking away from them. The effect of the court's ruling was to declare as a matter of law that the appellant had not complied with its contract by failing to give the insured notice of the assessment, and that the company was therefore precluded from setting up the failure on the part of Mrs. Wadley to pay the assessment which the appellee admitted had not been done.

It will be remembered that the president testified that it was a part of the system of the company to keep a record of the standing of each member by the card system, which he explained and exhibited the original record card of the membership of Mrs. Wadley which was kept under his supervision and that these records show that the notice had been given by mail. This card was intended, as explained by the president, to be a record of what was done when the member was notified, as the contract required. The jury had a right to infer from this testimony, as introduced and explained by the witness, that notice of assessment had been mailed to Mrs. Wadley as the contract provided and that she had failed to pay the same. It was error for the court to deprive the appellant of the benefit of this issue before the jury.

For the error in refusing to grant the prayers for instructions set out in the statement the judgment is reversed and the cause will be remanded for a new trial.