MUTUAL AID UNION *v.* ALEXANDER.

Opinion delivered April 27, 1925.

INSURANCE—ASSIGNMENT OF LIFE. POLICY—INSURABLE INTEREST.—A life insurance which is valid in its inception will not be invalidated by a subsequent assignment to one having no insurable interest.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*J. V. Walker* and *Duty & Duty,* for appellant;

*Starbird & Starbird,* for appellee.

McCULLOCH, C. J. Appellant is a fraternal life insurance association, organized under the laws of this State for the purpose of doing business on the assessment plan, and this is an action on one of its certificates of benefit or policies issued to Simon Simmons, one of its members. Simmons became a member and certificate holder in the association on August 1, 1914, and the original benefit certificate was made payable to his wife, Willie Simmons, but, on March 21, 1917, the designation of the beneficiary was changed, and, on the application of the member and of the old beneficiary, appellee, M. C. Alexander, was properly designated in the manner prescribed by the laws of the organization as the new beneficiary, and the matter thus stood until the death of Simon Simmons, which occurred in the year 1923. Appellee M. C. Alexander and also Willie Simmons joined in

this action, and the judgment below was in favor of Alexander. Willie Simmons has not appealed.

Appellee testified at the trial that he had paid all the assessments on the policy from the time it was issued, and that he did this because Willie Simmons was his aunt. This was not disputed. He was asked by appellant's attorney whether or not there had been any agreement, when the policy was issued, that he was to eventually become the beneficiary, and he answered in the negative. He testified that the change of beneficiary was made pursuant to a family council, and that the reason for making the change was that his aunt, Mrs. Simmons, was in bad health, and it was thought she would not survive her husband, and it was the desire of all that, in the event of the death of the member, the benefit should go to the collateral heirs of Willie Simmons rather than the collateral heirs of Simon Simmons.

The case is defended on the alleged ground that appellee Alexander had no insurable interest, and that the new designation of beneficiary, which was in effect an assignment of the policy, constituted a wager contract, and was void, and counsel rely on the decision of this court in the case of *McRae* v. *Warmack*, 98 Ark. 52. That case does not, however, have any application to the facts of the present case, for the court there merely held that an assignment of a policy to one having no insurable interest was void if made pursuant to an agreement at the time of the issuance of the policy. In later cases this court has decided that, if the policy was valid in its inception, it was not invalidated by a subsequent assignment to one having no insurable interest. *Paae* v. *Metropolitan Life Ins. Co.*, 98 Ark. 340; *Prudential Insurance Co.* v. *Williams*, 113 Ark. 373; *Lanaford* v. *National Life & Acc. Ins. Co.*, 116 Ark. 527; *United Assurance Assn.* v. *Frederick*, 130 Ark. 12. The same ruling has been made by the Supreme Court of the United States. *Grigsby* v. *Russell*, 222 U. S. 149.

Counsel for appellant contend that the rule of our recent cases should not be applied, because Alexander

procured his own designation as the beneficiary, or, at least, participated in the arrangement. This contention is not sound, for there is no proof that the change was brought about by any fraudulent conduct or misrepresentation on the part of Alexander. Besides that, the former beneficiary, Mrs. Simmons, makes no complaint about the change—in fact it was made at her own request, and appellant is in no attitude to raise that question.

There are numerous assignments of error with regard to the court's charge, but the material facts of the case are undisputed, and the verdict is correct, regardless of any instructions the court may have given or refused, so it is unnecessary to discuss them.

Judgment affirmed.