NATIONAL LIFE & ACCIDENT INSURANCE COMPANY
*v.* JACKSON.

Opinion delivered April 22, 1929.

*J. F. Summers,* for appellant.

*W. J. Dungan,* for appellee.

McHANEY, J. On February 14, 1927, appellant issued a policy of life insurance in the sum of $280 on the life of Lula Jackson, in which the appellee, Will Jackson, was named as beneficiary. Will Jackson was the insured's stepson, and Lena Jackson is his wife. The policy was issued upon an application therefor by Lula Jackson, whose name was signed thereto by Lena Jackson because Lula was unable to write. The insured and the appellees are all colored.

Only three persons testified regarding the payment of the first premium thereon, the appellees, both of whom testified that they did not pay for it, and the agent who took the application testified that he was not sure who paid the first premium. We therefore think it fair to assume, and that the jury must have found, that the insured paid it. On March 1, after the date of issue, the beneficiary in the policy was changed, by consent of all parties, from Will Jackson to Lena Jackson, and thereafter, on April 27, the insured died. Proof of loss was furnished, demand for payment made, which was refused, and this suit followed. There was a verdict and judgment for appellees for the amount of the policy.

The only ground relied upon for a reversal of the judgment is that neither of the appellees had any insurable interest in the life of Lula Jackson, and that the contract of insurance was a wagering contract, which is against public policy, and void, under the rule in this State. Conceding that neither of the appellees had an insurable interest in the life of the insured, it does not necessarily follow that the policy is void. It is well established that every person has an insurable interest in his own life, and that he may take out a policy on his own life, naming any person he desires as his beneficiary. *McRae v. Warmack,* 98 Ark. 52, 135 S. W. 807;

33 L. R. A. (N. S.) 949; *Langford* v. *National Life &
Accident Ins. Co.,* 116 Ark 527, 173 S. W. 414, Ann. Cas.
1917A, 1081. In the latter case this court quoted
from Cooley's Briefs on the Law of Insurance, vol. 1,
p. 252, as follows:

"That one has an insurable interest in his own life
is an elementary principle, as to the existence of which
the cases are unanimous  It follows therefore that one
may take out a policy of insurance on his own life and
make it payable to whom he will. It is not necessary
that the person for whose benefit it is taken should have
an insurable interest."

We think this case is ruled by that of *Langford* v.
*National Life & Accident Ins. Co., supra.* It was held
in that case that if a policy of life insurance is valid at
its inception it does not thereafter become invalid for the
reason that the beneficiary, who has no insurable interest,
after the insured quit paying the premiums paid same
to the death of the insured. It was there said: "The
beneficiary being without fraud in procuring the issuance
of the policy, and the contract being valid, no ground of
public policy would prevent her keeping the contract
alive for her own benefit."  Citing *Matlock* v. *Bledsoe,*
77 Ark. 60, 90 S. W. 848.

So here the policy was valid at its inception, at the
time it was issued, in which Will Jackson was named as
the beneficiary. There is no proof that there was any
agreement between Will Jackson and the insured that
he should pay the premiums on the policy, and the fact
is that he did not pay the first premium thereon. The
fact that he thereafter paid the premiums, and that the
policy was transferred to Lena Jackson as beneficiary,
did not have the effect of voiding it, as there was no
previous agreement between the insured and them that
they should do so.

We have examined all the instructions in the case,
and find them to be in harmony with the law as herein
announced applicable to wagering contracts. They were

perhaps more favorable to the appellant than the facts justified, but, if an error was committed in this regard, appellant is in no position to complain.

Judgment affirmed.