## MUNN v. ROBISON.
### No. 14709.

United States Court of Appeals
Eighth Circuit.

May 6, 1953.

T. O. Abbott, El Dorado, Ark., for appellant.

Surrey E. Gilliam, El Dorado, Ark. (W. R. McHaney, Smackover, Ark., and Melvin E. Mayfield, El Dorado, Ark., were with him on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

The issues here involved arose from the fact that adverse claimants asserted a right to the proceeds of a life insurance policy. The policy was issued by the John Hancock Mutual Life Insurance Company on the life of H. P. Robison, and at the time of the death of the insured the appellee, Mrs. Ora V. Robison, wife of the insured, was the named beneficiary therein. In these circumstances the Insurance Company filed a bill in the nature of a Bill of Interpleader under the Federal Interpleader Acts, 28 U.S.C.A. §§ 1335, 1397, 2361, and deposited the amount agreed to be due in the registry of the court and was discharged from further liability.

Appellant's claim to the proceeds of the insurance policy is bottomed on his contention that the policy had by an equitable assignment been transferred to him as security for a debt of $4500.00 due him from the insured. Appellant and the insured entered into a written contract dated January 3, 1948, in which it is recited that the policy here involved had been assigned to appellant as security for the indebtedness referred to in the contract. There was in fact no written assignment of the insurance policy to the appellant, nor was the name of the beneficiary named in the policy changed, and Mrs. Robison did not sign the contract and did not know of its existence. There was a mortgage given on other property to secure the debt, the mortgage being signed by both the insured and his wife. Two notes for $2250.00, each payable to the order of the appellant, were signed by the insured but were never delivered to the appellant. The policy was not delivered to appellant and he has never had possession of it.

The court found as a fact and concluded as a matter of law that there had been no assignment of the policy to the appellant. This finding was impelled by the further finding made by the court to the effect that

prior to the time of the signing of the written contract, which recited that the policy had been assigned to appellant, the policy had in fact been manually delivered to the possession of Mrs. Robison and orally assigned to her as a gift by the insured. The evidence forming the basis of the court's finding that the policy had been assigned to Mrs. Robison was substantially as follows: The policy when first issued had named the Home Ice Company, the then employer of the insured, as beneficiary, but on the 26th day of December, 1947, the name of the beneficiary was changed to the insured's wife, Ora V. Robison. Prior to that time the insured had retained possession of the policy, which he kept at his office, but when the name of the beneficiary was changed he then manually delivered possession of it to his wife and told her that it was hers and for her to take care of it and put it away; that in case anything should happen to him it would help to take care of her and their daughter. Appellee took the policy and retained exclusive possession of it, claiming ownership.

The policy contained the following material provisions:

"Beneficiary.—If the right has been reserved, the beneficiary, unless there is an existing assignment of this policy, may be changed from time to time by written notice on forms satisfactory to the Company, filed at its Home Office. Such change shall take effect only upon endorsement hereon, but when so endorsed shall be operative as of the date on which such notice was signed, whether or not the Insured be alive at the time of such endorsement.

"This policy, subject to the rights of any assignee of record with the Company, may be assigned, released, or surrendered, or, by agreement with the Company, changed, or amended, and any and all other rights and privileges hereunder may be exercised, without the consent of any revocable beneficiary.

"No beneficiary shall have the right to assign, anticipate, change or commute any payments hereunder, unless priorly authorized by a writing filed at the Company's Home Office during the lifetime of the Insured, and, insofar as the law of the jurisdiction in which this policy is issued permits, payments hereunder shall not be subject to claims of creditors of such beneficiary * * *.

"Assignments.—An assignment of this policy shall not bind the Company unless in writing, nor until a duplicate original thereof is filed at its Home Office. The Company assumes no responsibility for the validity of any assignment."

The action was tried to the court without a jury and resulted in findings of fact and conclusions of law in favor of the appellee on all issues. From the judgment awarding the funds deposited to the appellee this appeal is prosecuted. In seeking reversal appellant does not specifically challenge any particular ruling or finding of the court as erroneous but argues (1) that the contract of January 3, 1948, between H. P. Robison and appellant, E. J. Munn, was a good, equitable assignment of the insurance policy as security for the $4500.00 debt; (2) that there was no assignment or gift of the policy by the insured to appellee.

So far as we have been able to observe, there was no conflict in the testimony and the court determined all the issues in favor of the appellee, finding that there was no equitable assignment of the policy to appellant but that there was an assignment of the policy to appellee and that this assignment, though orally made, was accompanied by manual delivery to appellee and constituted a gift.

The contract between appellant and the insured recites that this policy had been assigned to appellant as security. The policy, however, was not delivered to appellant. Appellee did not sign the contract and did not know of its existence and prior to the signing of the contract by the insured he had orally assigned it to appellee, accompanied by actual manual delivery, and she retained the policy, claiming the ownership thereof. Appellee was

named as the beneficiary in the policy and it was in her possession. The burden of proof was therefore upon appellant to support his claim of an equitable assignment by substantial evidence. The court found against appellant's claim and its finding is presumptively correct and may not be set aside by this court unless clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. The court further found that prior to the date of the contract between insured and the appellant this policy had been given to appellee as a gift, and it appears from the undisputed evidence that she continued to retain possession of the policy, claiming ownership thereof.

It is urged that because of the above quoted provisions of the policy the insured had the legal right to change the name of the beneficiary without the consent of the appellee and hence he had the right to assign the same without her consent. First, it should be observed that provisions in an insurance policy requiring an assignment to be in writing or a change of the name of the beneficiary to be in writing, are for the benefit of the Insurance Company and it alone can take advantage of the want of a writing. Such provisions do not affect the validity of an assignment as between the insured and the assignee. Herman v. Connecticut Mutual Life Ins. Co., 218 Mass. 181, 105 N.E. 450. If the oral assignment of this policy to the appellee on the 26th day of December, 1947, was a valid assignment or gift under the laws of Arkansas, then confessedly, there could have been no equitable assignment of it at a later date by the insured without the consent of the appellee. The Supreme Court of Arkansas has held that there may be an oral assignment or gift of an insurance policy if accompanied by manual possession of the policy. Matlock v. Bledsoe, 77 Ark. 60, 90 S.W. 848; Webster v. Telle, 176 Ark. 1149, 6 S.W.2d 28; Gordon v. Clark, 149 Ark. 173, 232 S.W. 19.

In Mutual Life Ins. Co. v. Armstrong, 117 U.S. 591, 6 S.Ct. 877, 880, 29 L.Ed. 997, cited with approval in Matlock v. Bledsoe, supra, the court said:

"A policy of life insurance, without restrictive words, is assignable by the assured for a valuable consideration equally with any other chose in action, where the assignment is not made to cover a mere speculative risk, and thus evade the law against wager policies; * * *."

In Webster v. Telle, supra [176 Ark. 1149, 6 S.W.2d 32], there had been an attempted oral gift of the policy. In the course of the opinion the court among other things said:

"And in Page v. Metropolitan Life Insurance Co., 98 Ark. 340, 135 S.W. 911, we said: 'A life policy is a chose in action, a species of property, which the holder may have perfectly good and innocent reason for wishing to dispose of. * * * The insured had the same right to give as he had to transfer the policy for a valuable consideration.'

"* * * Although there was no written assignment of the policies in controversy by Telle to Mrs. Telle, yet, as we have seen, there was an oral and therefore an equitable assignment of such policies. In Citizens' Bank v. Moore, 134 Ark. 554, 204 S.W. 619, we said: 'We think the direction for a change in the beneficiary for the purpose of effecting an assignment thereof, together with the delivery of the original policy, constituted an equitable assignment, though not formally made in writing. Parol assignments of insurance policies, *when accompanied by delivery*, are sustained as equitable assignments thereof.'" (Emphasis supplied.)

In Gordon v. Clark, supra, it is held that a gift of a policy of life insurance is valid though there be no written assignment, provided there is delivery of the policy by the donor to the donee.

We are convinced that the findings and conclusions of the court that there had been a valid oral assignment of this policy to the appellee as a gift to her are abundantly sustained by the evidence and the

validity of such a gift is established by the decisions of the Supreme Court of Arkansas.

The judgment appealed from is therefore affirmed.