MARY E. WOOD

*v.*

THE SUPREME RULING OF THE FRATERNAL MYSTIC CIRCLE.

*Opinion filed December 22, 1904.*

1. ULTRA VIRES—*when corporation may be estopped to raise defense of ultra vires.* A corporation which has received the benefit of a contract may be estopped to raise the defense of *ultra vires* where the contract is within the charter powers of the corporation but there has been a failure to comply with some formality or the officers making the contract have exceeded their authority.

2. BENEFIT SOCIETIES—*what constitutes the organic law.* In Illinois the charter or organic law of a benefit society consists of the certificate of organization granted to it by the State and the statutes which provide for the organization of such societies and define their powers.

3. SAME—*by-law fixing age limit may be waived.* A by-law made by the national council of a benefit society, fixing the age limit of members, although designated as part of the constitution, may be waived, if there is no provision in the organic law of the society prohibiting persons who are not within such age limit from becoming members.

4. EVIDENCE—*statutes of foreign State must be proved.* In the absence of proof it will not be presumed that the statutes of a foreign State governing the organization and specifying the powers of fraternal insurance companies contain restrictions limiting the age of the persons who may become members.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

This was an action of assumpsit, commenced in the superior court of Cook county by the appellant upon a benefit certificate issued upon the life of her husband, Joseph H. Wood, in which she was named as beneficiary, by the Order of the Protectors, a fraternal benevolent insurance association organized under the laws of the State of New Jersey, the obligations of which had been assumed by appellee, the Supreme Ruling of the Fraternal Mystic Circle, a fraternal benevolent insurance association organized under the laws of the State of Pennsylvania. The declaration was in the usual form, and pleas and replications were filed, and a jury was waived and a trial had before the court, which resulted in a finding and judgment in favor of plaintiff for $556.10, which judgment, on appeal to the Appellate Court for the First District, was reversed without remanding the cause, and a certificate of importance having been granted, plaintiff has brought the case to this court by appeal.

It appears from the evidence, which was in the form of a stipulation, that Joseph H. Wood, in his application for membership in the Order of the Protectors, which bore date March 19, 1898, stated "he was fifty-nine years of age at his nearest birthday and was born June 3, 1838." He also stated therein: "I hereby consent and agree that any untrue or fraudulent statements made herein or any concealment of facts by me in this application, or my suspension or expulsion from or voluntary severing my connections with the Protectors, shall forfeit the rights of myself and my beneficiaries to all benefit and privileges therein. I agree to make punctual payment of all dues for which I may become liable, and conform in all respects to the laws, rules and usages of the Protectors now in force or which may hereafter be adopted by the governing board or executive committee, and

I further agree that this application, the said laws, rules and usages of the Protectors and the certificate of membership issued to me, shall constitute the contract between the Protectors and myself and my beneficiaries."

The certificate of organization of the Order of the Protectors provided the association should receive persons for "beneficial membership of such ages as limited or named by the national council," and the constitution and by-laws of said order in force at the time the application was made and the certificate issued to the assured, provided that such membership should not be granted to "anyone who is younger than eighteen years or older than fifty-nine years of age at nearest birthday at date of initiation." Joseph H. Wood died September 21, 1900, and it was admitted that he had paid to the Order of the Protectors and appellee all charges and assessments from the time he was admitted to membership in the order to the time of his death, lawfully assessed against him, which, with interest, aggregated the sum of $962.42, which amount the appellee tendered to the appellant prior to the commencement of this suit, and that the appellee had assumed, and was liable to pay in case of the death of the holder thereof, all legal benefit certificates issued by the Order of the Protectors and remaining in force at the time of the death of the assured.

The appellee presented to the trial court the following propositions of law and requested that the same be held as the law of the case, and the refusal of the court to hold said propositions as law was assigned as error:

2. "That inasmuch as the laws of said corporation provide that beneficial membership shall not be granted to anyone who is younger than eighteen years of age or older than fifty-nine years of age at nearest birthday at date of initiation, and inasmuch as it appears from the evidence herein that Joseph H. Wood, the husband of plaintiff herein and to whom said corporation issued the benefit certificate introduced in evidence herein, was older than fifty-nine years of

age at nearest birthday, at the date of his application for membership in General Council No. 2 of the Order of the Protectors, said General Council No. 2 being one of the subordinate councils of said corporation, he was, therefore, at the date of said application and at the date of his admission to said order, ineligible to membership therein, and the benefit certificate issued to him was void and no rights accrued thereunder to his beneficiary, the plaintiff herein.

3. "That in taking over the membership of said order the Supreme Ruling of the Fraternal Mystic Circle, under the terms of the resolution adopted at a meeting of the National Council of the Order of the Protectors held March 3, 1898, and of the resolution adopted by the Supreme Ruling of the Fraternal Mystic Circle at a meeting held March 15, 1898, and in issuing the 'Transfer of certificate obligation' to said Joseph H. Wood under date of March 19, 1898, did not assume any obligations larger or different from such as may have existed between said Wood and said National Council of the Order of the Protectors, and that said Wood never became a member of the Order of the Fraternal Mystic Circle, and that his beneficiary, the plaintiff herein, is not entitled to any benefits from the said Order of the Fraternal Mystic Circle by reason of the said benefit certificate issued to him by said National Council of the Order of the Protectors, or by reason of the issuance of said 'Transfer of the certificate obligation,' or by reason of any other action of said the Supreme Ruling of the Fraternal Mystic Circle set out in the stipulation and agreed statement of facts filed herein.

4. "That the officers of such a corporation as either the National Council of the Order of the Protectors or the Supreme Ruling of the Fraternal Mystic Circle cannot waive the operation of its laws which fix the limit of the age at which persons may be admitted as members thereof, and that the action of the officers of either of said corporations, or of any of the subordinate bodies thereof, in accepting dues

and assessments from said Joseph H. Wood, did not constitute a waiver of the provisions of the laws of either of said corporations which forbid of a person as a member thereof who is older than fifty-nine years of age at nearest birthday, at the date of his admission as a member."

BLACK & BLACK, (JOHN D. BLACK, of counsel,) for appellant.

H. H. C. MILLER, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

It is conceded by the appellant that Joseph H. Wood was more than fifty-nine years of age at his nearest birthday at the date he applied for membership and was admitted to membership in the Order of the Protectors. It is clear, therefore, that there can be no recovery in this case unless the Order of the Protectors and the appellee, by receiving from Joseph H. Wood assessments as a member of said order from the time of his admission to membership therein to the time of his death, which covered a period of time intervening between March 19, 1898, and September 21, 1900, and which payments aggregated in amount, with interest, $962.42, waived the restriction as to age contained in the constitution and by-laws of the Order of the Protectors when said Joseph H. Wood might be admitted to membership in said order, and are estopped by their action in receiving said assessments from taking advantage of the fact that said Joseph H. Wood was above the age limit provided by the constitution and by-laws of said order at the time he was admitted to membership in said order.

The law is well settled in this State that corporations can only exercise such powers as are conferred upon them by their charters, and that an act of a corporation not authorized by its charter is void, and the fact that the corporation has received the benefits of a contract or the party with whom

it deals has acted thereunder does not estop the corporation from raising the defense, when sued upon such contract, of *ultra vires*. When, however, the contract is within the chartered powers of a corporation but there has been a failure to comply with some regulation, or the power has been improperly exercised, if the corporation has received the benefit of the contract it may be estopped to raise that defense. (*Durkee* v. *People*, 155 Ill. 354; *National Home Building and Loan Ass.* v. *Home Savings Bank*, 181 id. 35.) In the last case, on page 43, in discussing the doctrine of *ultra vires*, the court said: "The term has been applied to acts of directors or officers which are outside and beyond the scope of their authority, and therefore are invasions of the rights of stockholders, but which are within the powers of the corporation. In such a case the act may become binding by ratification, consent and acquiescence, or by the corporation receiving the benefit of the contract. * * * Where an act is not *ultra vires* for want of power in the corporation but for want of power in the agent or officer, or because of the disregard of formalities which the law requires to be observed, or is an improper use of one of the enumerated powers, it may be valid as to third persons. In the more proper and legitimate use of the term it applies only to acts which are beyond the purpose of the corporation, which could not be sanctioned by the stockholders. * * * If there is no power to make the contract there can be no power to ratify it, and it would seem clear that the opposite party could not take away the incapacity and give the contract vitality by doing something under it."

In this State the charter or organic law of an insurance association similar to that of the Order of the Protectors consists of the certificate of organization granted to it by the State, and the statutes of the State which provide for the organization of such associations and which define their powers. (*People* v. *Chicago Gas Trust Co.* 130 Ill. 268; *City of Danville* v. *Danville Water Co.* 178 id. 299.) The

laws of the State of New Jersey governing the organization and specifying the powers of fraternal benefit insurance associations in that State were not introduced in evidence, and it will not be presumed, in the absence of proof, that the statute of said State contained any limitation as to the age of persons to whom insurance might be issued by fraternal benefit associations. We find nothing in the certificate of organization of the Order of the Protectors which prohibited that association from granting certificates of membership to persons over fifty-nine years of age at their nearest birthday. By said order's certificate of organization its national council was authorized to fix the age limit of its beneficial members. Said national council fixed by a by-law or by what is designated its constitution,—which designation added no force to its effect other than that of a by-law, (*Supreme Lodge Knights of Pythias* v. *Kutscher,* 179 Ill. 340; *Peterson* v. *Gibson,* 191 id. 365;)—the age limit of its beneficial members at not less than eighteen nor more than fifty-nine years at nearest birthday, and the most that can be said in support of the position that the certificate of membership to Joseph H. Wood was improperly issued is, that it was issued by the officers of said order in violation of the by-law of the association fixing the age limit of its beneficial members.

In *High Court Independent Order of Foresters* v. *Schweitzer,* 171 Ill. 325, and in *Coverdale* v. *Royal Arcanum,* 193 id. 91, it was held the requirement of a by-law limiting the class of persons who might be admitted to membership in a fraternal benevolent insurance association might be waived. In the *Coverdale case,* on page 100, it was said: "It was certainly held in the *Schweitzer case* that there could be a waiver of the enforcement of a requirement embodied in a by-law of a benefit society. It cannot be said that because of the by-law which provided that applications should not be received from bar-keepers or from persons who at any time sold or served intoxicating liquors to be drank on

the premises William Wasserman did not become a member
of the appellee society, and that on that account there was no
membership to be forfeited. In his application, submitted to
appellee, he agreed that any untrue statement made therein
should forfeit the rights of himself and his family, or de-
pendents, to all benefits or privileges therein. * * * The
by-law is a direction to the persons whose duty it was to re-
ceive applications for membership. They were directed not
to receive applications from bar-keepers, etc. * * * The
appellee itself was affected with the same knowledge which
the subordinate council had. It would be unjust to hold that,
having such knowledge, it could continue for a year and
eight months to recognize Wasserman as a member and re-
ceive dues and assessments from him, and yet, after his
death, insist that he was never a member of the Royal Ar-
canum or its subordinate council at all. Having knowledge,
as it must be presumed to have had from the present record,
the appellee should have taken steps to declare Wasserman's
membership forfeited. * * * The laws and rules of
such associations as the appellee should be liberally con-
strued, and where an attempt is made to work a forfeiture
by a benevolent association, its laws, rules and regulations
will be most strictly construed against it."

It appears from the admitted facts that Joseph H. Wood
in his application stated the true date of his birth,—that is,
June 3, 1838,—from which it appeared he was nearer his
sixtieth than his fifty-ninth birthday at the time he applied
for membership in the Order of the Protectors. The applica-
tion was presented to the Order of the Protectors and a cer-
tificate of membership based thereon was issued, and for
more than two years that association and the appellee, with
the written evidence before them that he was nearer sixty
than fifty-nine years of age when he applied for membership,
recognized him as a member of the association and during
that time accepted his money in payment of assessments, and
after his death the supreme recorder of appellee wrote the

appellant her husband was a member of the appellee associa-
tion and called upon her for death proofs, which were sub-
sequently furnished.

In the case of *Morrison* v. *Wisconsin Odd Fellows' Mu-
tual Life Ins. Co.* 59 Wis. 162, it was held the provisions of
a by-law restricting membership to persons under a certain
age might be waived by the officers of the association, and
that where the application for the insurance, and other writ-
ten evidence in possession of the secretary of the association,
showed the age of the applicant as stated in his application
for membership to be incorrect, the company was charged
with notice of the mistake, and if it continued to accept as-
sessments from the assured and failed to take action to for-
feit his membership for such mistake, the association, after
the death of the assured, was estopped to insist upon a for-
feiture or that his certificate of membership was never in
force. This case also points out very clearly the distinction
between the doctrine of waiver as applied to a limitation up-
on age contained in a by-law and such limitation when con-
tained in the charter of the association.

The authorities mainly relied upon by appellee, (*Alex-
ander* v. *Parker,* 144 Ill. 355, *Grimme* v. *Grimme,* 198 id.
265, and kindred cases,) are cases holding a benefit associa-
tion has no authority to create a fund for persons other than
the classes specified in the law authorizing its organization,
and that a member cannot direct a fund to be paid to a per-
son outside of such classes. Had the charter of the Order of
the Protectors restricted membership therein to persons fifty-
nine years of age at their nearest birthday, the cases cited by
appellee would perhaps be in point. But the case presented
by this record for decision is not that sort of a case. Here
the age limitation is found in a by-law, and while the issue
of the certificate of membership to Joseph H. Wood by the
officers of the Order of the Protectors was outside and be-
yond the scope of their authority as defined in that by-law,
the act of admitting Joseph H. Wood to membership in said

order was within the powers of the association, viz., the issuing of fraternal benevolent insurance to applicants therefor, and in such a case the act may become binding by ratification, consent and acquiescence, or by the association receiving the benefit of the contract. *National Home Building and Loan Ass. v. Home Savings Bank, supra.*

We are of the opinion the trial court did not err in refusing to hold the propositions of law contained in the statement preceding this opinion, submitted to it by the appellee, as the law governing this case.

The judgment of the Appellate Court will be reversed and the judgment of the superior court will be affirmed.

*Judgment reversed.*