HOME MUTUAL BENEFIT ASSOCIATION *v.* ROWLAND.

Opinion delivered November 6, 1922.

1. INSURANCE—FRATERNAL BENEFIT SOCIETIES—APPLICATION OF ACT.—Acts 1917, p. 2087 (Crawford & Moses' Dig., § 6068 *et seq.*) restricting the age of those who may join fraternal societies, does not apply in the case of benefit certificates issued prior to the enactment of the statute.

2. INSURANCE—WAIVER OF BY-LAWS.—A by-law of a fraternal benefit society restricting the age at which a benefit certificate may be issued is waived where the society's agent, with knowledge that an applicant's age is misstated, issues a certificate and receives premiums in payment.

3. FRAUD—PRESUMPTION.—Fraud is not presumed, but must be proved, though an inference of fraud may be drawn from proved facts.

4. INSURANCE—INSTRUCTION AS TO FRAUD.—Where, in an action on a benefit certificate, there was no direct proof of fraud on the

part of insurer's agent, though the agent was a son-in-law of insured, and there was a misstatement of insured's age in the application, when a correct statement of her age would have caused her application to be rejected, it was not error to refuse an instruction that if the agent was acting fraudulently or collusively, insured would not be bound by his knowledge.

5. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—Where the evidence was sufficient to support a finding either way on the issue as to the age of insured at the time of the application for a benefit certificate, the verdict is conclusive on that issue.

6. INSURANCE—BENEFIT INSURANCE—BY-LAWS.—Where the by-laws of a benefit association fix the maximum amount of recovery at $1,000, but provide that in no event shall the certificate have a greater value than the amount paid in "on the last assessment preceding the death of insured, after deducting the cost of collecting said assessment," the amount so named constitutes the limit of recovery.

Appeal from Hempstead Circuit Court; *George R. Haynie,* Judge; reversed.

*Longstreth & Bohlinger,* for appellant.

The court erred in refusing to permit the introduction, in evidence, of the certificates under the seal of the State Register of Vital Statistics. C. & M. Dig., § 5151. Where an agent of an insurance company, in collusion with an applicant, even though acting within the scope of his authority, perpetrates a fraud upon the company by making false and fraudulent representations upon which the insurance is obtained, such fraud will vititate the policy. 129 Ark. 450. One wishing to become a member of a mutual benefit society is supposed to have made himself acquainted with the constitution and by-laws. 104 Ark. 536. Parties competent to contract may enter into such agreements as they see fit and it is the purpose of the law to carry out the agreements. 108 S. W. 206. The court erred in refusing to construe the contract. 112 Ark. 165; 125 S. W. 428; 169 S. W. 796.

*Bush & Bush,* for appellee.

McCULLOCH, C. J.  Appellant is a fraternal benefit society, organized under the laws of the State of Arkansas. It does business on what the attorneys in the

case designate as the *pro rata* assessment plan, no surplus funds being accumulated, but the members are grouped together in "circles," according to age; and when a death occurs an assessment is levied on the members of the particular circle to which the deceased belonged.

The policy, or benefit certificate, as well as the by-laws, specify the maximum amount of the benefit to be the sum of $1,000, but the certificate refers to the by-laws, which provide that the association "shall not be liable for the full face value of the certificate unless full and prompt payment of all assessments shall have been made by all members of the group to which the deceased member belonged, and in no event shall said certificate have a greater value than the amount paid in by the whole membership of said group on the last assessment preceding the death of the insured, after deducting the cost of collecting said assessment."

Appellant accepted as a member Ellen S. Fox and issued a certificate of membership to her, dated July 18, 1916, payable to appellee, who was Mrs. Fox's granddaughter. Mrs. Fox died in July, 1920, and this action was instituted on February 23, 1921, to recover the full amount ($1,000) mentioned in the benefit certificate.

Appellant pleaded, among other things which are insisted on here as grounds for reversal, that Mrs. Fox misrepresented her age in the application which was made for membership in the society; that the by-laws did not authorize the issuance of a certificate to persons over sixty years of age, and that Mrs. Fox's age was above sixty at the time she joined.

The answer also contained a denial that the indebtedness amounted to $1,000, if anything at all.

The case was tried before a jury, and the trial resulted in a verdict and judgment in appellee's favor, for the maximum amount stated in the policy.

It appears from the undisputed evidence adduced in the case that the application of Mrs. Fox was solicited

and accepted by J. W. Boyd, who was her son-in-law, and who was appellee's father. In the application Mrs. Fox's age was stated at fifty-nine, and there is proof to show that she was about ten years older than that. The testimony is, however, conflicting, and the jury might have found either way as to the question of her age being above sixty.

Mrs. Fox lived with her daughter, Mrs. Boyd, and there is testimony tending to show that she was an invalid at the time she made application for insurance in appellant society.

No testimony was introduced by either party as to what occurred between Boyd and Mrs. Fox at the time the application was made out, appellant contenting itself with attempting to prove that there was a misrepresentation as to Mrs. Fox's age and that Boyd, her son-in-law, must, in collusion with Mrs. Fox, have participated in the fraudulent misrepresentations.

The court instructed the jury that, if there was a misrepresentation made concerning the age of Mrs. Fox, and if Boyd accepted the application with knowledge of such misrepresentation, appellant would be bound by that knowledge and could not plead the misstatement of age in bar of appellee's right to recover on the policy. Appellant asked the court to give an instruction stating that if Boyd, as agent, was acting fraudulently or collusively, appellant would not be bound by his knowledge and would not be barred from pleading a misstatement as to age.

Appellant, so far as affects the present litigation, does not come within the terms of the statute regulating fraternal benefit societies (Acts of 1917, p. 2087, Crawford & Moses' Digest, sec. 6068, *et seq.*), for the reason that the benefit certificate involved in this case was issued to Mrs. Fox prior to the enactment of the statute, there being no statute at the time expressly restricting the powers of appellant in regard to age of members. The by-laws of the society on that subject could be

waived, and were waived, if appellant, with knowledge of the misstatement, accepted the application and issued the certificate to Mrs. Fox and received payment of dues and assessments. It is unnecessary to determine whether or not appellant falls within the terms of the statute in other respects, inasmuch as the statute could have no effect on the question of the age of the applicant in this instance.

Appellant invokes the rule laid down by this court in *Mutual Aid Union* v. *Blacknall,* 129 Ark. 450, that (quoting from the syllabus) if an agent of an insurance company "in collusion with the applicant, even though acting within the apparent scope of his authority, perpetrates a fraud upon the insurance company by making false and fraudulent representations upon which the insurance is obtained, such fraud will vitiate the policy." There is, we think, no evidence in this case that would justify a submission of the question of fraud on the part of Boyd, the agent. No effort was made to prove what occurred at the time the application was written, and there is no direct proof of fraud, either on the part of Mrs. Fox or Boyd. The most that the testimony tends to establish is that there was a misstatement of age. Fraud is not presumed, but must be proved. An inference of fraud may be drawn from proved facts, but here we have no proof that Boyd participated in any intentional misrepresentation as to Mrs. Fox's age. We think the court was correct in refusing to charge the jury on that subject.

The court also submitted to the jury the issue as to Mrs. Fox's age, and, as there was testimony sufficient to support a finding either way, the verdict of the jury is conclusive on that issue.

We are of the opinion, however, that the judgment is excessive, and that, according to the undisputed evidence, appellee is only entitled to recover $124.40, "the amount paid in by the whole membership of said group on the last assessment preceding the death of the insured."

Mr. Judd, who was president of the appellant society at the time of the trial, testified that this was the amount of the last assessment preceding Mrs. Fox's death, and there is no other testimony on that subject. The by-laws fix the limit of the amount of recovery, and that constitutes the contract between the parties. The by-laws and the benefit certificate fix the maximum amount of the benefit at $1,000, but there is nothing, either in the certificate or the by-laws, which permits the payment of any benefit in excess of the amount realized under the last assessment preceding the death of the insured.

Counsel for appellant urge that there is no proof that this was the effect of the by-laws at the time Mrs. Fox's certificate was in force, but we think the testimony of Judd on that subject is undisputed, and shows that there was always a by-law to that effect.

The amount named above being the limit of appellee's right of recovery, according to the undisputed evidence, the judgment will be reversed and judgment will be entered here for the amount of $124.40 as of the date of the judgment below. It is so ordered.