FAYETTEVILLE MUTUAL BENEFIT ASSOCIATION v. TATE.

Opinion delivered May 19, 1924.

1. INSURANCE—FALSE STATEMENT IN APPLICATION.— An insurance association cannot escape liability on the ground of false statements inserted in insured's application by its soliciting agent if the insured correctly stated the facts.

2. TRIAL—REPETITION OF INSTRUCTIONS.—Refusal of an instruction covered by one given by the court is not error.

3. INSURANCE—MISREPRESENTATION AS TO INSURED'S AGE.—A policy of life insurance is not invalidated by a misstatement of insured's age if the misrepresentation was made by the insurer's soliciting agent without participation on insured's part.

4.  Insurance—benefit insurance—circle insurance.—Under a benefit certificate limiting the amount payable to the amount paid in by the whole membership of insured's class or circle, the recovery could not exceed such amount.

5.  Appeal and error—reversal of judgment.—On reversal of a judgment for the maximum amount of a benefit certificate limiting recovery to the amount of the last assessment before insured's death, where the amount was undisputed, the cause will not be remanded for new trial, but the judgment will be modified.

6.  Insurance — negligence of insured's officers.— The amount payable under a benefit certificate limiting it to the proceeds of one assessment cannot be augmented by the negligent failure of defendant's officers or agents to use reasonable diligence to keep the class or circle in which deceased was insured up to its full membership.

Appeal from Washington Circuit Court; *W. A. Dickson,* Judge; modified.

*John Mayes,* for appellant.

1.    An insurance company will not be estopped by the knowledge of the agent who negotiated the policy to set up the falsity of answers in the application, if the assured himself was a party to the deception.    That is the situation here.    65 Ill. 415; 76 Md. 293; 25 Atl. 227; 80 Tex. 518; 16 S. W. 316; 149 Mich. 467; 14 L. R. A. (N. S.) 270; 117 Mich. 421; 24 C. C. A. 243; 47 U. S. App. 329; 117 U. S. 519; 6 Sup. Ct. Rep. 837; 129 Ark. 450, 459; 244 S. W. 719; 123 Ark. 450.

2.    Under the terms of the certificate and the by-laws and regulations governing the association made a part thereof, the amount of recovery could in no event be greater than the amount paid in by the whole membership of the class to which the assured belonged, the last assessment prior to his death.    143 Ark. 369; 65 Ark. 295, 298; 92 Ark. 276, 283; 112 Ark. 219; 244 S. W. 719.

*H. L. Pearson,* for appellee.

There is no evidence showing what answers the assured made to questions propounded by the application, and that he made false answers is a mere assumption on the part of appellant.    The agent had before him

the record of his birth as shown in the family Bible, at the time he took the application, and he saw the assured's physical condition. Appellant is bound by his knowledge and information. 155 Ark. 450; 71 Ark. 242; 67 Ark. 584; 7 Ark. 72; 27 Ark. 539; 52 Ark. 11; 53 Ark. 215; 103 Ark. 146; 126 Ark. 360; 81 Ark. 508; 147 Ark. 563. This is true, unless it is shown that there was a collusion or conspiracy between the agent and the insured, in which case the knowledge of the agent would not be imputed to the company; but, in this case, no such collusion is pleaded, and there was no testimony offered to prove it. It was incumbent on the appellant to prove the fraudulent collusion. 155 Ark. 450.

McCULLOCH, C. J. Appellant is a fraternal benefit society, doing business on the assessment plan, the members being grouped together in circles, and when the death of a member occurs an assessment is levied on the members of the particular circle to which the deceased belonged, and the fund thus raised is used in paying the next death claim, the claim arising on the death of the member at that time being paid out of the funds raised on the preceding assessment. The by-laws provide that the maximum amount of the benefit is to be the sum of one thousand dollars and that the value of a benefit certificate shall be ''contingent on the full and prompt payment of all assessments by the members of the class to which the applicant belongs, and in no event shall said certificate have a greater intrinsic value than the amount paid in by the whole membership of said class on the last assessment, after deducting the actual cost of collecting said assessments, and the applicant hereby expressly agrees to this basis of settlement in the event of his death.''

Appellee is the widow of Joseph D. Tate, who became a member of appellant association by certificate duly issued to him, dated September 23, 1916, and the amount named in the certificate was made payable to appellee. Joseph D. Tate died in the year 1920, having paid all the assessments due under the by-laws, and appellee made

her claim for payment under the certificate of policy. A check was forwarded to appellee by appellant for the amount that appellant had determined to be due under the benefit certificate, $400.29, but before the check was collected appellant stopped payment on it, and this suit was instituted by appellee against appellant to recover the sum of one thousand dollars, alleged to be due thereunder. There was a trial of the cause before a jury, which resulted in a verdict in favor of appellee for the recovery of one thousand dollars, and judgment was rendered accordingly.

Appellant defended on the ground that there was a breach of warranty by the member, Joseph D. Tate, in that he falsely misrepresented his age to be sixty-five, whereas he was seventy years of age at the time he made his application, and that he was in ill health and suffering from disease at the time of his application, whereas he represented himself to be in good health and free from disease.

The application of Joseph D. Tate, which was introduced in evidence, showed that his age was represented to be sixty-five years, and it was established beyond dispute that his age at that time was seventy years. There was also testimony to the effect that at the time the application was made Joseph D. Tate was an invalid, that he was confined to his room in a wheel-chair, that he had been a sufferer from rheumatism for many years, but that his general health was good. The application was taken by a solicitor, who visited Tate at his home in Eureka Springs, Arkansas.

Appellee testified as a witness, as did other members of Tate's family who were present at the time the application was taken by appellant's soliciting agent. The agent who solicited and took Tate's application died before the trial of this cause, therefore the only testimony as to what occurred between the two persons at the time the application was taken was that introduced by appellee, and this testimony shows that the soliciting agent was apprised of Tate's true age, and also of his physical

condition. The evidence shows that the application was written by the soliciting agent and presented tó Tate, and one witness testified that it was read to him, but she did not remember the contents as read by the solicitor. There is no affirmative testimony as to who signed Tate's name to the application. The testimony of the witnesses was that Tate was helpless at the time and could not use his hands, and the inference is that some one else signed the application for him, but the testimony does not disclose precisely who wrote the signature for Tate.

The testimony shows beyond dispute that appellant's agent was false to his trust in sending in an application containing false statements with reference to the age of the applicant, and the testimony warranted a finding that Tate himself participated in the fraud. But we cannot say that the testimony, or at least the inferences to be drawn therefrom, was undisputed. If Tate himself participated in the fraud, then his beneficiary cannot recover on the certificate. *Mutual Aid Union* v. *Blacknall,* 123 Ark. 377. On the other hand, if Tate, the applicant, did not make any false statements with reference to his age or state of health, but, on the contrary, correctly stated the facts with regard to those matters, and the false statement was made by the agent, liability of appellant cannot be escaped on that ground. That question was properly submitted to the jury in an instruction given by the court. One of the assignments of error relates to the refusal of the court to give an instruction on that subject at appellant's request, but the answer to the contention is that a similar instruction was given by the court on its own motion, and therefore there was no error in refusing appellant's requested instruction on the same subject.

Error is also assigned in the court's refusal to give instruction No. 2, requested by appellant, which reads as follows:

"I charge you that if Joseph D. Tate gave his age to defendant's agent at 65 years, when as a matter of fact he was over that age, then the plaintiff cannot

recover, although the said Joseph D. Tate made said statement in good faith and believed same to be true.''

This instruction was erroneous in that it ignored the contention of appellee that appellant was liable if the agent was apprised of Tate's age notwithstanding an error in the statement. The undisputed evidence shows that the soliciting agent was apprised of Tate's correct age. Some of the witnesses testified that at the time the application was taken the family Bible, in which Tate's age was recorded, was shown to the agent, and apprised him of the fact that Tate at that time was seventy years of age. That being true, the policy was not voided by the misstatement of age if it was made by Tate in good faith and without participation in the fraud perpetrated by the soliciting agent. The court was therefore correct in refusing to give this instruction.

Our conclusion is that there is no error in the record so far as relates to the question of appellant's liability under the certificate, and that the evidence was sufficient to warrant a verdict in favor of appellee. Different questions arise, however, in determining the extent of appellant's liability. Appellant asked the court to give the following instruction, which was refused:

''If you find for the plaintiff, you should fix her recovery at any sum not to exceed the amount realized on the last assessment prior to the death of Joseph D. Tate, less the reasonable cost of collecting said assessment.''

This instruction stated the precise terms of the contract with respect to the liability of appellant, and the instruction should have been given. The court not only refused to give this instruction, but permitted the jury to return a verdict for the sum of one thousand dollars, which was directly contrary to the terms of the policy or certificate. These terms were stated in the face of the certificate itself, and the recovery could in no event exceed ''the amount paid in by the whole membership of said class on the last assessment.'' This error of the court calls for a reversal of the judgment, but we think

that the testimony is undisputed as to the amount recoverable, and it is unnecessary to remand the case for a new trial. The undisputed testimony is that the amount of the last assessment preceding the death of Tate was $475, and this is the limit of the amount recoverable on this certificate. *Home Mutual Benefit Assn.* v. *Rowland,* 155 Ark. 450.

Appellee contends that the officers and agents of appellant were negligent in failing to use reasonable diligence to keep the class, or circle, in which deceased was insured up to the full capacity of membership (1,000), and the court gave an instruction on that subject at the request of appellee. The amount payable under the policy or benefit certificate could not be augmented by negligent omissions of the officers or agents of appellant. If the officers were negligent in that regard, they were responsible to the corporation, whose creatures they were, but a policy-holder could not claim any additional amount by reason of the negligence of those officers or agents.

The judgment of the circuit court is therefore modified so as to reduce the amount recovered to the sum of four hundred seventy-five dollars, with interest from February 2, 1921, as per stipulation of the parties concerning the time from which interest shall begin to run. It is so ordered.