MUTUAL RELIEF ASSOCIATION. *v.* WEATHERLY.

Opinion delivered February 21, 1927.

1. INSURANCE—LIABILITY UNDER BENEFIT CERTIFICATE.—Provisions in mutual benefit certificates that the association will pay a certain amount upon the condition that one assessment on the members of the circle or group in which said member is placed shall produce such amount, less the cost of collection, are valid and binding.

2. INSURANCE—LIABILITY UNDER BENEFIT CERTIFICATE—BURDEN OF PROOF.—Where a mutual benefit association obligated itself to pay a certain amount on assured's death if an assessment on its members produced same, the burden is on the association to show the amount produced by such assessment.

3. EVIDENCE—WITHHOLDING EVIDENCE—PRESUMPTION.—Where evidence which would properly be part of a case is within the control of the party whose interest it would naturally be to produce

it, and, without satisfactory explanation, he fails to do so, the jury may draw an inference that it would be unfavorable to him.

4. INSURANCE—LIABILITY UNDER BENEFIT CERTIFICATE.—Under a benefit certificate limiting an association's liability to the amount produced by one assessment on the members of the assured's circle, less the cost of collecting it, it is immaterial whether the amount came in before or after the 30 days allowed for collecting it.

5. APPEAL AND ERROR—QUESTIONS NOT RAISED BELOW.—Attorney's fees and damages in an insurance case, for which no claim was made in the court below, will not be allowed on appeal.

Appeal from Logan Circuit Court, Southern District; *James Cochran*, Judge; affirmed.

*John P. Roberts* and *Carmichael & Hendricks*, for appellant.

*Evans & Evans*, for appellee.

MEHAFFY, J. The appellant is a mutual benefit association, organized in 1913, and issues policies or benefit certificates to its members, and they are divided into groups or circles. The appellees were members and certificate-holders, and the certificates entitled them to $500 each, but the promise to pay $500 was upon the condition that prompt and due payments be made by the certificate-holders of all assessments made under the rulings of the company.

There is no controversy as to the certificate-holders, parties to this suit, having paid their dues, and there is no controversy about liability. The appellant contends, however, that it is only liable in one case for approximately $208 and in the other something like $285, and contends that the policy or certificate entitles the member to collect $500 only in the event that one assessment on the members of the circle or group in which said member may be placed, less the cost of collecting said assessment, equals the $500. The contention is that the company is liable for the assessments collected in that particular group or circle, and, if that amounts to $500, after deducting the cost of collecting the assessments, then the beneficiary will be paid $500. If it amounts to less than $500,

then the beneficiary under the certificate is entitled to the amount collected less the cost of collecting.

This court has several times held that provisions like this in the policy or certificate are valid and binding, and, in a case not long since, the court said:

"The by-laws provide that the maximum amount of the benefit is to be the sum of one thousand dollars, and that the value of a benefit certificate shall be 'contingent on the full and prompt payment of all assessments by the members of the class to which the applicant belongs, and in no event shall said certificate have a greater intrinsic value than the amount paid in by the whole membership of said class on the last assessment, after deducting the actual cost of collecting said assessments.' * * * The undisputed testimony is that the amount of the last assessment preceding the death of Tate was $475, and this is the limit of the amount recoverable on this certificate." *Fayetteville Mutual Benefit Assn.* v. *Tate,* 164 Ark. 317, 261 S. W. 634.

Again this court has said, in deciding a case similar to this: "We are of the opinion, however, that the judgment is excessive, and that, according to the undisputed evidence, appellee is only entitled to recover $124.40, 'the amount paid in by the whole membership of said group on the last assessment preceding the death of the insured.'" *Home Mutual Benefit Assn.* v. *Rowland,* 155 Ark. 450, 244 S. W. 719, 28 A. L. R. 86.

Under the decisions of this court, the company in this case would have been liable to the beneficiaries under these certificates for the amounts collected from the assessments, less the cost of collection. The only person, however, who could show what had been collected on this assessment was the company itself, or its officers. It is contended that, in one group, there were only 499 members, if that many, and that the assessment therefore could not have produced as much as $500. Appellant's counsel, however, apparently overlooked the fact that the minimum assessment was $1, and the maximum assessment $1.40. It is conceivable that the assessment might have exceeded $500,

after deducting the cost of the collection, and the bookkeeper testified that, in this particular group, they had at least 499, unless some of them had lapsed, and that the record the witness testified from did not show any lapses. She also testified that the smallest assessment was $1, and from that graduated up 2 cents a month, and that this was true also of the other group. She testified also that the records show the total amount received from the assessment made on the death of Mr. Weatherly was $218.41, that the cost of collecting was $10, leaving a balance of $208.41, and this is the amount the company admits it owes under this particular certificate, and under the other certificate the assessment amounted to $303.91. The assessment was evidently properly made, at any rate there is no contention that this was not done, and the assessments were collected, and it appeared that the $208 and $285, approximately, were the amounts received within 30 days after the assessment was made, and that sometimes there would be quite a little money come in from the assessment after the 30 days expired. There is no attempt to show how much came in from the assessment after the 30 days had expired. Neither the secretary nor the officers of the company testified, and, when the court directed them to bring in their daily records, the witness stated they could not go through all that, they would have to go through each book, and the daily records were never brought in. The officers of the company had in their possession the records that would have shown the exact amount of the collections from each assessment. No one else was in possession of these facts; and, if the company did not want to be held liable for the $500, it was its duty to produce the evidence and thereby show the exact amount each beneficiary was entitled to.

This court has said: "As to the burden of proving the amount realized, or which could have been realized, by an assessment levied according to the terms of the contract sued on, the authorities are not agreed. We are of the opinion that, where the party suing on such contracts is entitled to recover, the society or association

which agrees to make the assessment upon its members, and to pay the amount realized, not exceeding a certain amount, to the beneficiaries named in the contract, is *prima facie* bound to pay the maximum amount of its liability, as specified in the contract, and the burden is on the society to prove that a less amount would have been realized by an assessment.'' It would be difficult, if not impossible, for the beneficiaries in such contracts, or their representatives, to show the number of the assessable members of the society and the amount that could be realized by an assessment upon them. These are facts within the peculiar knowledge of the society.'' *Masons' Fraternal Accident Assn.* v. *Riley*, 65 Ark. 261.

In the case at bar the bookkeeper alone was called to testify. The daily records, and in fact all the records that would have thrown light upon the question, were in the possession of the association, and not only was the burden of proof on them to show the amount realized on the assessment, but the duty is always upon a party having in his possession evidence or documents that will prove or disprove his claim, to produce the documents, or, if he can and does not produce them, the presumption is that they would not be favorable to his contention.

"And so it has become a well-established rule that, where evidence which would properly be part of a case is within the control of the party whose interest it would naturally be to produce it, and, without satisfactory explanation, he fails to do so, the jury may draw an inference that it would be unfavorable to him." 10 R. C. L. 884.

The association had in its possession not only the records that would show the assessment made and collected after the death of the assured, but also had the records in its possession that would show the amount of the last assessment prior to the death of the assured. In this case it is unimportant to determine whether the beneficiary should receive the amount of the last assessment prior to the death of the assured, or the amount received from the assessment made subsequent to his death, because the association does not show the amount of

either, and, as the burden of proof was upon the association to show the amount realized from the assessment and did not do so, the beneficiary is entitled to recover the sum named in the certificate. While the testimony showed that $500 was not realized from the assessment within 30 days, it does not show how much money came in after the 30 days. Witness says that the money that comes in after the end of the month is put in a reserve fund to be paid out in cases where no assessment is made, but the benefit certificate provided for the payment of $500, provided that the liability of the association shall in no event exceed the amount produced by one assessment on the members of the circle in which said member may be placed, less the cost of collecting said assessment. That means the whole amount produced by one assessment, less the cost of collection, and it would be immaterial whether it came in before or after 30 days, and, since there no proof by the association showing the amount produced by the assessment, it is liable for the $500, the amount named in the certificate.

We think in this case the same principle, with reference to producing evidence, applies to the sureties on the bond. They could have produced evidence showing the amount of the assessment and the amount of the liability, but did not do so. No claim for attorney's fees or damages was made in the court below, and for that reason none will be allowed here. The evidence is ample to support the finding of the court, and the judgment is affirmed.