## UNITED BROTHERHOOD OF MAINTENANCE-OF-WAY EMPLOYEES & RY. SHOP LABORERS v. MURRAY.

No. 18546. Opinion Filed Nov. 20, 1928.

J. J. Farnan, W. J. Otjen, Geo. W. Buckner, and Frank Carter, for plaintiff in error.

Crowe & Crowe, for defendant in error.

TEEHEE, C. Defendant in error, J. H. Murray, as plaintiff below, brought suit against the plaintiff in error, United Brotherhood of Maintenance-of-Way Employees and Railway Shop Laborers, defendant below, to recover certain benefits by virtue of his membership in the defendant brotherhood, in which relative positions in the trial court the parties will hereinafter be designated.

From the record it appears that defendant is a fraternal benefit society organized under the laws of the state of Michigan, and does business with its members through local or subordinate lodges. Plaintiff became a member of the order in July, 1919, and paid the dues and assessments required to be paid through the subordinate lodge to the Grand Lodge regularly until 1922, when his dues for six months became delinquent. He was reinstated as a member of the order on July 22, 1922, upon his payment of three months' dues in advance. His membership in the order thereafter continued, though payments of dues were irregularly made, until the latter part of 1924. On March 4, 1924, he suffered a permanent total physical disability. Membership in the order was evidenced by a working card, and dues to the order were paid quarterly. In 1922 the constitution and by-laws of the order were amended, which fact was indorsed on the membership certificate, with such indorsement certifying that the member acknowledged receipt of a copy of the amended constitution and by-laws and agreed to all the provisions thereof and all subsequent amendments.

A provident department of the brotherhood was maintained, whereunder it was provided that a certain sum as benefits would be paid to a member of the brotherhood who was in good standing at the time of disability, such as was suffered by plaintiff, computed on a graduated scale and dependent upon the period of time of membership in the order. In that relation section 4 of article 22 of the constitution and by-laws provided that:

"New or reinstated members who have reached the age of fifty-five (55) years at date of joining or reinstatement shall not participate in the benefits of the provident department of this organization."

Effective January 1, 1924, the provident department by-laws were amended, in which it was provided by section 17 of article 22, as follows:

"This article shall become effective January 1, 1924, and shall govern and control all claims against said provident department, where death or permanent total disability occurs on or after such date. In determining the sum to which any member or beneficiary may be entitled under the provisions of this article, no period of membership in the brotherhood prior to July 1, 1919, shall be considered. In computing the period of continuous membership under this article, no period of membership of a member, prior to joining, renewal or reinstatement shall be considered."

By section 5 of article 22 of the by-laws, as amended in 1922, it was provided:

"Any member of said brotherhood who shall fail to pay all dues and assessments as provided by or mentioned in article XIII of the constitution of said brotherhood shall be deemed to be delinquent and to have forfeited all rights and benefits of, in and to said provident department, its funds and property, except that any such member who has not reached the age of fifty-five (55) years at the date of reinstatement may regain such rights if such member, prior to permanent total disability or death, and within thirty (30) days from the date such dues and assessments become payable, pays said dues and assessments in full. While a member is delinquent, neither he nor his beneficiary shall be entitled to any rights or benefits in said provident department, its property or funds. If such member remains delinquent after said thirty (30) days from the date such dues become payable, he and his beneficiary shall be deemed to have forfeited all rights, interests and benefits in said provident department, its property and funds, until such member shall have reinstated his membership before reaching the age of fifty-five (55) years and continued same for six (6) continuous months from the date of such reinstatement."

The relevant provisions of article 13, referred to in the preceding section, provided in part that:

"A member refusing or failing to pay his dues in full as prescribed in this section is not in good standing and shall not be entitled to a seat in his lodge and grievance committees shall not exercise in his behalf. When a member becomes delinquent for a period of six months, his name shall be dropped from the rolls of the subordinate lodge without further notice, and the subordinate lodge financial secretary shall notify the system division or system federation secretary and the grand secretary-treasurer of such action. A member who becomes delinquent may renew his membership upon the payment of all back dues.

Any member desiring to pay his dues six months or more in advance will be allowed to do so."

In defense of the action defendant pleaded these provisions of the constitution and by-laws.

Trial of the cause was had to a jury. At the conclusion of plaintiff's evidence defendant demurred thereto with action thereon withheld by the court. At the conclusion of the hearing plaintiff demurred to defendant's evidence, which was by the court sustained, defendant's demurrer then having been overruled, and upon plaintiff's motion the court directed a verdict for plaintiff in the sum of $250, whereon judgment against the defendant was rendered.

Defendant predicates error on the several rulings of the court, but as they are related in character, in that they go to the proposition of whether the conduct of the order in its recognition of plaintiff as a member and acceptance and retention of the dues paid by him constituted a waiver of its by-laws relative to the age limit of members as to participation in the benefits provided for under the provident department, we may well consider them as being resolved into the single question of whether or not the court erred in directing a verdict for plaintiff. The proposition is thus raised whether or not such a society may, by its conduct, waive the age limit of its membership.

Defendant contends that as this goes to the substance of the contract between the order and a member thereof, the rule of law relied on by plaintiff in that the by-laws of such an organization with respect to the mode of procedure in relation to contracts between such order and a member thereof may be waived by acceptance and retention of the dues or premiums paid by the member has no application to the cause in hand. The evidence established that plaintiff was beyond the age limit whereunder he was permitted to participate in the benefits provided for by the provident department of the order. It was shown that, at the time of joining the order in 1919, plaintiff was then 62 years of age, and upon his reinstatement in 1922, he was 67 years of age, which facts, we may well infer from the record, were known to the order.

The statutes of the state of Michigan relative to the subject-matter were not pleaded nor proved. In the absence of proof it will not be presumed that the statutes of a foreign state governing the organization and specifying the powers of a fraternal beneficiary society contain restrictions limiting the age of the persons who are members thereof who may be entitled to participate in benefits that may be provided by the order. Wood v. Mystic Circle, 212 Ill. 532, 72 N. E. 783. On the contrary, the rule is well settled that the presumption is that the law of that state with respect to the age limit is the same as the law in this state. Article 4 of chapter 51, C. O. S. 1921, contains no restriction on the powers of a beneficiary association of the character of defendant in regard to age of its members except as to payment of physical disability benefits on account of old age, which shall not be under 70 years. A fraternal beneficiary association waives the provisions of its constitution and by-laws fixing the age limit beyond which applicants will not be received into membership on a participating basis in the benefit payable to a member for permanent total disability, in the absence of a statutory or charter restriction upon the powers of such society as to the age of such participating members, by accepting and receiving dues and assessments from a person known to be beyond such age, the payment of which would entitle the paying member to such benefits in the event of such disability. As a rule of law, this is well established. Wood v. Mystic Circle, supra; Morrison v. Wisconsin Odd Fellows' Mutual Life Ins. Co., 59 Wis. 162, 18 N. W. 13; Krause v. Modern Woodman of America, 133 Iowa, 199, 110 N. W. 452; Home Mutual Benefit Assoc. v. Rowland, 155 Ark. 450, 244 S. W. 719, 28 A. L. R. 86. As there was no disputed question of fact at issue for submission to the jury, the court, therefore, properly directed a verdict for plaintiff.

However, we are of the opinion that the judgment was excessive. According to the undisputed evidence plaintiff was reinstated as of July 22, 1922, so that at the time of his disability he had been a member of the order for approximately 20 months. Under the reinstatement provisions already noted, and the schedule fixed by the constitution and by-laws of the society which was in evidence, plaintiff would not be entitled to the amount of the judgment as rendered. The court in fixing the amount of recovery apparently proceeded on the theory that the reinstatement of plaintiff restored him to a status of membership as of the time of his original admission, but as the constitution and by-laws fix the status of a reinstated member and the limit of participation in the benefits provided for being specified in the schedule, these provisions must constitute the contract between the parties upon the amount of recovery. Home Mutual Life Ins. Co. v. Rowland, supra.

The judgment of the district court is accordingly reversed, and the cause remanded, with directions to enter judgment for plaintiff in such amount to which he is entitled under the schedule calculated on the basis of his reinstatement to the time of his disability.

BENNETT, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.