EQUITY LIFE ASS'N OF OKLAHOMA CITY v. WILLIS et al.

No. 29530. Oct. 29, 1940.

Rehearing Denied Dec. 17, 1940.

*108 P. 2d 110.*

Welch & Grigsby, of Madill, for plaintiff in error.

Reuel W. Little, of Madill, for defendants in error.

GIBSON, J. This is an action by the beneficiary named in a certificate or policy of life insurance and the administrator of the estate of the deceased insured against a mutual benefit association, the insurer, to recover actual and punitive damages for alleged fraud and deceit practiced by said association in connection with the issuance of said certificate. The face amount of the certificate was $1,000. Verdict and judgment were for $1,750, and defendant appeals.

Defendant denied the allegations of fraud, and for further defense pleaded that the deceased at the time of his application for the certificate was beyond the legal age for membership in the defendant association (sec. 10623, O. S. 1931, 36 Okla. Stat. Ann. § 694), thus rendering the certificate ultra vires and void (United Brotherhood, etc., v. Murray, 133 Okla. 209, 271 P. 1012, and decisions from other jurisdictions).

Under date of March 1, 1938, Will N. Willis, the deceased aforesaid, made written application to defendant for a certificate of insurance. The application was made subject to the laws of Oklahoma, and contained provisions making the same a part of the insurance contract and that any misrepresentations therein contained should constitute fraud. The application was accepted by defendant on March 6th, and the certificate thereupon issued and delivered to the insured.

There is evidence to the effect that in his application Willis gave the date of his birth as May 15, 1880, thus revealing that he was more than 55 years of age on the date of his application, and

therefore ineligible for insurance with defendant by reason of the provisions of said section 10623. There is also evidence to show that when the certificate of insurance and the application were delivered to Willis the year of his birth as given by him in the application had been changed from 1880 to 1890, and in the certificate his age was shown as 47. Willis returned these instruments to defendant, calling attention to the incorrect date and age, whereupon defendant made the corrections to conform with the application as originally executed. There is further evidence to show that upon the death of the insured the certificate with the application attached was returned to defendant with notice of death, and while the same were in defendant's possession they were again changed to show the insured's age to be 47 years at the date of the application.

Plaintiffs take the position that the defendant committed the foregoing acts in order to collect premiums from the insured, and, in event of suit on the certificate, to predicate its defense upon the alleged fraudulent misrepresentations of the insured as to his age.

It is urged that the manipulations aforesaid constituted actionable fraud; that the defendant by accepting Willis' application and premium with knowledge that he was ineligible for insurance on account of his age had wrongfully led Willis to believe that he was legally insured to the extent of $1,000, thus causing his estate to suffer loss to that extent.

We agree with plaintiffs that insurance companies may be held liable for their torts (Security Insurance Co., etc., v. Cameron, 85 Okla. 171, 205 P. 151; Columbian Nat. Life Ins. Co. v. Lemmons, Adm'r, 96 Okla. 228, 222 P. 255), and that mutual benefit associations are not immune thereto. 19 R.C.L. 1314. Assuming, however, that the evidence of fraud in the instant case was sufficiently positive, clear, and convincing to overcome the presumption of good faith that usually accompanies alleged fraudulent acts, it was not the character of fraud that will sustain an action for damages; it was not actionable fraud.

The most serious charge that may be lodged against the wrongful acts of the defendant is that it illegally accepted an application from one who was not qualified under the law to become a policyholder. There is no evidence that defendant induced Willis to make the application. If the act of issuing the certificate constituted a misrepresentation of defendant's statutory power to accept the application, the misrepresentation was one of law, the falsity of which was presumed to have been known by Willis. Ordinarily, such misrepresentations do not constitute actionable fraud. Graff v. Holliday, 172 Okla. 503, 45 P. 2d 1065. There are certain exceptions to that rule, such as where one places reliance upon the superior knowledge of another who is presumed to know the law governing the particular matter in hand. The courts will not permit the latter to deceive the former by making misrepresentations as to matters of law on a material question for the purpose of inducing him to act to his prejudice. Provident Life & Accident Ins. Co. v. Clark, 175 Okla. 282, 52 P. 2d 763.

Here there is no evidence to indicate that the defendant in any manner induced Willis to make the application. At least, our attention is called to no such evidence. There is nothing to indicate that Willis was not aware of the statute and that he was led to believe that the statute did not render him ineligible for insurance. So far as we know, he may have had actual knowledge of the statute and the full purport of its meaning. We cannot presume that he was induced by defendant to accept the certificate, or that he was misled in any way by relying on the superior knowledge of defendant as to its legal powers. There is no proof that Willis relied on defendant's so-called superior knowledge. To indulge such presumption would be to presume an essential element of fraud. That is not permitted. Cromwell v. Ream, 175 Okla. 408, 52 P. 2d 752.

The judgment is reversed.

BAYLESS, C. J., and RILEY, OSBORN, HURST, and NEFF, JJ., concur. WELCH, V. C. J., not participating. CORN, J., absent. DAVISON, J., dissents.